**Derrick FRANKLIN, Petitioner–Appellant,**

v.

**Don TAYLOR, Warden, Respondent–Appellee.**

No. 01–15407.

D.C. No. CV–99–01650–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

 

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

California state prisoner Derrick Franklin appeals pro se from the district court's denial of his post-AEDPA habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Franklin contends that trial counsel was ineffective for failing to present testimony at a suppression hearing that would have established his standing to challenge a warrantless search. The state court determined as a matter of state law that even if Franklin's attorney had established standing, the suppression motion would have been denied because Franklin's parole conditions would have authorized the search. That determination is not contrary to, or an unreasonable application of, clearly established federal law. *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.), *cert. denied*, 513 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

Because counsel's conduct did not affect the outcome of the proceeding, Franklin cannot show that his defense was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to establish ineffective

assistance of counsel, petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense). The district court properly denied Franklin's petition.[1] *Van Tran*, 212 F.3d at 1149.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Franklin cites to *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), to support his claim that he would have won the suppression motion, but for counsel's conduct. The petitioner in *Steagald*, however, was neither the subject of a warrant, nor on parole and subject as a matter of law to a warrantless search. *Steagald*, 451 U.S. at 205–06, 101 S.Ct. 1642 (concluding that absent exigent circumstances, a search warrant is required before searching the home of a third party for the subject of an arrest warrant).

